# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMED FATHI,<br><br>                        Plaintiff,<br><br>  v.<br><br>J.P MORGAN CHASE BANK, N.A., *et al.*,<br><br>                       Defendants. | Case No. 13-cv-2639-BAS(RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**[ECF No. 11]** |

On November 1, 2013, Plaintiff Hamed Fathi, who is proceeding *pro se*, commenced this action related to a residential loan and subsequent initiation of foreclosure proceedings by Defendant J.P. Morgan Chase Bank, N.A. ("Chase"). Chase now moves to dismiss Mr. Fathi's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Chase's motion to dismiss.

## I.     BACKGROUND[1]

On October 17, 2005, Mr. Fathi obtained a residential loan from Washington Mutual Bank, F.A. ("WaMu") in the amount of $606,000.00 for real property located in Escondido, California. (FAC ¶¶ 4–5, Ex. 1.) The loan was secured by a deed of trust. (*Id.* ¶ 5.) According to documents that Mr. Fathi attached to the FAC, the deed of trust identifies Mr. Fathi as borrower, WaMu as lender, and California Reconveyance Company as trustee. (*Id.* ¶ 5, Ex. 1.)

Mr. Fathi alleges that Chase is the successor-in-interest to WaMu. (FAC ¶ 3.) He further alleges that "Chase acquired certain assets and liabilities of WaMu from the FDIC acting as receiver, including WaMu's interest in the Loan that is the subject of this action, pursuant to the Purchase and Assumption Agreement . . . between the FDIC and Chase dated 09/25/208 [sic]." (*Id.* ¶ 6.) Both parties attach the Purchase and Assumption Agreement between Chase and the FDIC for the acquisition of the aforementioned assets. (FAC Ex. 2; Def.'s RJN Ex. B.)

In March 2009, Quality Loan Service Corporation ("Quality Loan") was substituted as trustee under the deed of trust. (FAC ¶ 8, Ex. 4; Def.'s RJN Ex. C.) Thereafter, Quality Loan recorded a notice of default. (FAC ¶ 7, Ex. 3; Def.'s RJN Ex. D.) According to the notice of default, Mr. Fathi was $17,051.67 in arrears as of March 17, 2009. (FAC Ex. 3; Def.'s RJN Ex. D.)   In June 2009, July 2010, July 2011, December 2011, and December 2012, Quality Loan recorded notices of trustee's sale. (FAC ¶¶ 9–12, Exs. 5–7; Def.'s RJN Exs. E–I.)

Mr. Fathi also alleges that at the time WaMu issued his home loan, "it was not licensed to engage in residential lending in the State of California." (FAC ¶ 13.) According to Mr. Fathi, after the note and deed of trust were "issued and executed,"

---

[1] Chase requests that the Court take judicial notice ("RJN") of various documents related to Mr. Fathi's loan. (ECF No. 11-1.) Many of these documents are also attached to the FAC. Insofar as the Court relies on any of these documents, the Court **GRANTS** the unopposed request under Federal Rule of Evidence 201. *See* Fed. R. Evid. 201(a) (a court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

WaMu assigned the note to a trust referred to as "WaMu Securities Trust, Series 2008-2." (*Id.* ¶ 14.)  Through that assignment, Mr. Fathi contends that WaMu "divested itself of ownership of the Note and security interest attached to [it] which encumbered Plaintiff's property." (*Id.*)  Mr. Fathi further alleges that "[w]hen Chase took over certain assets from WaMu, through the FDIC, [sic] did not acquire any interest in the WaMu Securities Trust, Series 2008-2, because at the time WaMu was taken over by the FDIC, it did not have any interest in said trust." (*Id.* ¶ 15.)  Consequently, when Chase entered into the Purchase and Assumption Agreement, "it did not acquire the right to foreclose on the Note and [deed of trust]." (*Id.* ¶¶ 16–18.)  Rather, the WaMu Securities Trust, Series 2008-2 actually retained all rights related to Mr. Fathi's note and deed of trust.  (*Id.*)

On November 1, 2013, Mr. Fathi commenced this action against Chase.  After the Court granted Chase's motion to dismiss, Mr. Fathi was given leave to file an amended complaint as to all claims except the one brought under 42 U.S.C. § 1983.  On March 3, 2014, Mr. Fathi filed his FAC in which he asserts one claim for wrongful foreclosure under 42 U.S.C. § 1983.  Chase now moves to dismiss the FAC under Rule 12(b)(6).  Mr. Fathi opposes.

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

//
//
//
//

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

As a preliminary matter, Mr. Fathi purports to assert one claim for wrongful foreclosure under 42 U.S.C. § 1983. To the extent that Mr. Fathi is truly asserting a civil-rights claim under 42 U.S.C. § 1983, this Court **GRANTS** Chase's motion to dismiss for the reason stated in the February 12, 2014 order granting Chase's previous motion to dismiss. There is no allegation of state action and a § 1983 claim generally does not apply to private actors. *See West v. Atkins*, 487 U.S. 42, 28 (1988).

However, since Mr. Fathi is proceeding *pro se*, this Court will assume for the sake of this motion that Mr. Fathi intended to assert a wrongful-foreclosure claim and not a civil-rights claim under 42 U.S.C. § 1983. Nonetheless, the wrongful-foreclosure claim also fails because this Court finds that Mr. Fathi lacks standing to challenge Chase's authority to foreclose, and alternatively, because Mr. Fathi fails to allege valid and viable tender.

### A. Mr. Fathi Cannot Challenge Chase's Standing to Foreclose.

California's nonjudicial-foreclosure scheme "provide[s] a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to the power of sale contained in a deed of trust." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (1985) (quoting *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994)) (internal quotation marks omitted). "Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Id.* (quoting *Lane v. Vitek Real Estate Indus.*

*Grp.*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010)) (internal quotation marks omitted). Thus, in *Gomes*, the California court refused to allow the plaintiff to bring a court action to determine whether the defendant was the party authorized to initiate the foreclosure process. *Gomes*, 192 Cal. App. 4th at 1154-57. "[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Id.* at 1155.

Similarly, in this case, Mr. Fathi contends that Chase lacked standing to pursue the foreclosure against his property because it did not acquire that interest from WaMu through the Purchase and Presumption Agreement. Rather, he alleges that that interest was assigned to the WaMu Securities Trust, Series 2008-2. In short, Mr. Fathi alleges that Chase lacks a clear chain of title to his note.

By seeking a determination of whether Chase may properly initiate foreclosure, Mr. Fathi is "attempting to interject the courts into this comprehensive judicial scheme." *See Gomes*, 192 Cal. App. 4th at 1154. But "[n]othing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a proceeding is permitted or contemplated." *Id.* Therefore, because Mr. Fathi improperly attempts to make Chase demonstrate its authority to foreclose, his wrongful-foreclosure claim ultimately fails. *See id.*

### B. This Court Declines to Follow *Glaski*.

Relying almost exclusively on *Glaski v. Bank of America, National Association*, 218 Cal. App. 4th 1079 (2013), Mr. Fathi argues that he, as a borrower, has standing to preemptively challenge an entity's interest in the debt and authority to foreclose, and that "tender is not required for the borrower under a Deed of Trust . . . where the foreclosure sale is void rather than voidable, such as where the borrower proves that the entity lacked the authority to foreclose on the property." (Pl.'s Opp'n 2:2–3:2, 4:2–7:3.)

//

In *Glaski*, the California Court of Appeal for the Fifth Appellate District found that a borrower

> may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under New York law) occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void under New York law, and borrowers have standing to challenge void assignments of their loans[.]

*Glaski*, 218 Cal. App. 4th at 1083.

Though a few courts have endorsed *Glaski*, many more California courts have rejected it. *See Sanders v. Sutton Funding, LLC*, No. 10-CV-2142, 2014 WL 2918590, at *5 (S.D. Cal. June 26, 2014) (Sammartino, J.) (citing numerous California cases). Chief among the California courts rejecting *Glaski* is the California Court of Appeal for the Fourth Appellate District, which concluded that "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013). "District courts in the Ninth Circuit have generally rejected *Glaski*, and sided with *Jenkins*, noting *Glaski* is a minority view." *Lanini v. JPMorgan Chase Bank*, No. 2:13-CV-0027, 2014 WL 1347365, at *5 (E.D. Cal. Apr. 4, 2014); *see also Sanders*, 2014 WL 2918590, at *5 (citing numerous federal cases). "Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule." *Newman v. Bank of N.Y. Mellon*, No. 1:12-CV-1629, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) (citations omitted). This Court also finds no reason to determine otherwise.

### C.   Mr. Fathi Fails to Allege Tender.

"Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale,

1  the borrower must make a valid and viable tender of payment of the secured debt."
2  *Montoya v. Countrywide Bank*, No. C09-00641, 2009 WL 1813973, at *11 (N.D. Cal.
3  June 25, 2009) (citations omitted). "As a general rule, a plaintiff may not challenge the
4  propriety of a foreclosure on his or her property without offering to repay what he or
5  she borrowed against the property." *Intengan v. BAC Home Loans Servicing LP*, 214
6  Cal. App. 4th 1047, 1053 (2013).

7  Once again relaying on *Glaski*, Mr. Fathi argues that because the foreclosure sale
8  is void rather than voidable, he is not required to allege tender. *Glaski* explicitly states
9  that "[t]ender is not required where the foreclosure sale is void, rather than voidable,
10 such as when a plaintiff proves that the entity lacked the authority to foreclose on the
11 property." *Glaski*, 218 Cal. App. 4th at 1100. However, as the Court discussed above
12 in declining to follow *Glaski*, Mr. Fathi does not and cannot demonstrate that the
13 underlying foreclosure is void. Consequently, Mr. Fathi bound by the tender rule. *See*
14 *Intengan*, 214 Cal. App. 4th at 1053.

15 In this case, Mr. Fathi fails to make any allegation of valid and viable tender of
16 payment of the secured debt. *See Montoya*, 2009 WL 1813973, at *11. Therefore, his
17 wrongful-foreclosure claim also fails under the tender rule. *See id.*

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS WITHOUT LEAVE TO AMEND** Chase's motion to dismiss. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."); *see also Schreiber Distrib.*, 806 F.2d at 1401.

**IT IS SO ORDERED.**

**DATED:** July 2, 2014

*[signature]*

**Hon. Cynthia Bashant**
**United States District Judge**